# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ADRIAN L. LACEY, 08013-003 USM,** : | |
| Plaintiff, : | |
| vs. : | **CIVIL ACTION 13-0459-WS-N** |
| **T. WHITTINGTON, et al.,** : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

Plaintiff, Adrian L. Lacey, a Mobile County Metro Jail inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that prior to service of process, plaintiff's damages claims be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), his injunctive relief claim be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and this entire action be dismissed.

**I. Amended Complaint.** (Doc. 3).

The complaint before the Court is an amended complaint that plaintiff was ordered to file because his original complaint was not on the Court's complaint form. (Doc. 2). In his amended complaint, which he was advised would supersede his original complaint, plaintiff names two City of Mobile police officers as defendants, T. Whittington and K. Naman, and one Mobile County Sheriff's Department's detective as a defendant, Officer Lackey.[1] (Docs. 2, 3 at 5). The

---

[1] The Court's complaint form advised plaintiff that the defendants to this action are those persons

dates of the incidents about which he complains occurred on February 9, 2011 and August 20, 2011.  (Id. at 4).  Plaintiff signed the original complaint on September 12, 2013, and the Court received it without a filing fee or a motion to proceed without prepayment of fees on September 17, 2013.  (Doc. 1 at 5).

The incident of February 9, 2011 is based on defendant Lackey and other unidentified officers "arrest[ing] [plaintiff] illegally and search[ing] [his] property extensively at the campus of South Alabama. . . . [and holding his] car for at least 5 days.  They also kept [his] property (computer, pictures and etc) and never gave it back."  (Doc. 4 at 6).[2]  Plaintiff's claim against defendant Lackey is for "racial profiling, stereotyping," and violating his Fourth and Fourteenth Amendment rights.  (Id.).

The other incident about which plaintiff complains occurred on August 30, 2011.  (Id. at 5).  Plaintiff complains that defendant Naman "illegally stopped [him] for a traffic citation after already being parked and [sic] was extensively searched.  [His] car was unlawfully impounded and [his] property was searched illegally while officers questioned [him] about [his] line of work."  (Id. at 4).  His claim against defendant Naman is for "racial profiling, stereotyping[,] unlawful arrest[,]violating [his] fourth and fourteenth amendment rights[, and causing] def[]amation of character, mental anguish, emotional distress[,] and chagrin."  (Id.).  Defendant Whittington is alleged to have "denied [plaintiff's] fourth amendment right to illegal [sic] search and seizure when [defendant Whittington] invaded [plaintiff's] personal property.  [Plaintiff's] car was at a private location and did not need impounding."  (Id.).  Plaintiff's claim against

---

who are listed in Section III of the complaint form (Doc. 3 at 1, D), and if additional persons needed to be listed as defendants, they may be listed on separate pages using the outline found in Section III.  (Id. at 6, C).

[2]  Plaintiff refers to this date as February 9, 2011, February 8 or 9, 2011, or on or about February 9, 2011.  For simplicity sake, the Court is referring to the date of the incident as February 9, 2011 for the purposes of this Report and Recommendation.

defendant Whittington is for "racial profiling, [violating the fourth and fourteenth amendments], def[]amation of character, mental anguish, emotional distress, chagrin[,] and unlawful arrest." (Id.).

The factual information to support these claims is found in plaintiff's description of events. (Id. at 4, 8-12). On February 9, 2011, the campus police for the University of South Alabama stopped him for parking illegally. (Id. at 6, 10). When his license was run, an arrest warrant from the Mobile County Sheriff's Department appeared. (Id.). The arrest warrant was for the same charge on which he was out on bond. (Id.). Nevertheless, he was held on campus in the back of a squad car for at least two hours while defendant Lackey and others searched his car "extensively," and went through his wallet, confiscating ATM cards, one of which belonged to his cousin. (Id.). This inventory search turned into an investigation. (Id.). From his car "they" seized his computer, several receipts, and pictures that were hidden under his spare tire in the trunk. (Id.). He was questioned about his line of work and how he bought his 2008 Mercedes Benz, both questions he declined to answer. (Id.). He was taken to the police station instead of jail, where he was held with his accomplice for an hour in the holding tank, with his hands behind his back in handcuffs. (Id.). After they complained, they were taken to the county jail. (Id.). Plaintiff's car was impounded for the next five days, which caused him to hire attorney Jeff Dean to retrieve his car. (Id.).

As a result of these actions, plaintiff was charged with possession of a forged instrument, second degree, based on a check stub for his business that was found in the car. (Id.). After investigating the check stub, "they" determined that plaintiff's business did not exist, but the judge dismissed the case after plaintiff showed his business license. (Id. at 11). Plaintiff claims that "[t]his was another unlawful arrest. [While on the other hand,] this search was not incident

3

to [an] arrest."  (Id.).

Then, on August 30, 2011, defendant Naman stopped plaintiff for not wearing a seat belt. (Id. at 4).  Defendant Naman ran plaintiff's license and learned that it was suspended.  (Id.).  He informed plaintiff of this, ordered plaintiff out of the car, and "terry patted" plaintiff.  (Id.). During the pat down, defendant Naman felt something plaintiff's pocket, reached in, and pulled out an identification card and a social security card belonging to someone else.  (Id.).  After questioning plaintiff about the card, "they" unreasonably detained plaintiff in the back seat of the squad car for over an hour while "they" searched plaintiff's car "extensively" without his consent or a warrant.  (Id. & at 8).  "They" asked plaintiff where the drugs were and what he did for a living.  (Id. at 4).

Defendant Naman called defendant Whittington to the scene, and defendant Whittington searched plaintiff's car finding a folder in the trunk, the contents of which he examined rather than just inventorying and cataloguing, thereby violating plaintiff's rights to a proper inventory search.  (Id.).  Plaintiff's car was in front of his friend's residence, which was his destination. (Id.).  Nonetheless, the police impounded plaintiff's car "to gain a tactical advantage to inventory and illegally search [his] vehicle and its contents including repositories" even though his car could have be driven away by his barber who was present.  (Id).  And at police headquarters, defendant Whittington questioned plaintiff about the folder's contents.  (Id.).  Plaintiff maintains that the inventorying, impounding, and searching of his vehicle were unlawful.  (Id.).

Defendant Whittington called Joseph Lea with United States Secret Service and allowed Lea "to investigate the papers that were illegally seized from the folder."  (Id. at 9).  By the Mobile Police "unlawfully" impounding plaintiff's car, "unlawful access to [his] folder" was gained, and the government began to prosecute him "wrongfully."  (Id.).  "It took [plaintiff]

4

almost two years to recognize this miscarriage of justice." (Id.). Whereas, "[t]he involved officers, the State's attorney, Martha Tierney, and United States Attorney's Office had to recognize this immediately, esp[ecially] considering the fact that the government's case is based on the August 30, 2011 traffic stop and investigative narrative." (Id.). Plaintiff's computer was turned over to the Secret Service, which had sought a search warrant for it. (Id. at 11). When Lea interviewed plaintiff on September 13, 2011 about the August 30, 2011 arrest, Lea had information from plaintiff's computer. (Id.).

Plaintiff claims that the Secret Service did not have probable cause to take possession of his computer or to search it. (Id.). His computer and personal possessions have not been returned to him after officers for the sheriff's department seized them. (Id.). These officers he wants to name as defendants. (Id.).[3]

These two incidents, plaintiff claims, were the result of him being racially profiled because he is black and was driving an expensive car, a 2008 Mercedes Benz. (Id.). From 2008 to 2010 when he drove an SUV, he did not receive a ticket, nor was he arrested. (Id.). However, at the end of 2010, when he purchased the Mercedes Benz, until August 31, 2011, he was arrested over three times as result of racial profiling. (Id.).

For relief, plaintiff wants his belongings returned and refers the Court to his request for

---

[3] No identifying information is provided for any unnamed officer in plaintiff's description of this claim. In order to proceed on a claim against one of these officers, plaintiff is required to provide specific identifying information because fictitious party practice is not permitted in federal court. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the dismissal of John Doe guard pursuant to the general rule that fictitious party practice is not permitted in federal court inasmuch as no descriptive information was provided in the complaint to satisfy the exception); CSX Transp., Inc. v. United Transp. Union, 236 F. App'x 562, 563 n.1 (11th Cir. 2007) ("the Federal Rules do not authorize suit against fictitious parties"), cert. denied, 522 U.S. 1243 (2008); Featherstone v. Home Oil Co., 2011 WL 5978774, at *1 n.4 (S.D. Ala. Nov. 8, 2011) (subject to a limited exception, "fictitious party practice is not permitted in federal court"). In light of the fact that no specific information was provided identifying any officer, these unnamed officers are not defendants to this action.

damages in his original complaint. (Id.). In the original complaint, which was superseded, plaintiff requests to hold the parties "accountable for monetary damages[4] also punitive damages for the amount no less tha[n] $7,000,000.00." (Doc. 1 at 5).

Furthermore, in response to the queries on the complaint form, plaintiff indicates that he was convicted of mail fraud in May, 2012 and received a forty-six month sentence which commenced in March, 2012. (Doc. 3 at 6). In United States v. Lacey, CR 12-00046-KD-N, this Court's records reflect that plaintiff pled guilty on May 15, 2012 to mail fraud, based on his submission of fraudulent claims for himself and for others to the Gulf Coast Claims Facility Fund after the Deep Water Horizon Oil Spill (Docs. 17, 20), and that he received a sentence consisting of, inter alia, forty-six months of incarceration. (Doc. 35).[5] Subsequently, plaintiff voluntarily dismissed his direct appeal. (Doc. 76). His motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is currently pending in this court. (Doc. 69).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his amended complaint (Doc. 3) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[6] A claim is frivolous as a

---

[4] This monetary damages request is explained by statement preceding it in the original complaint, in which plaintiff states that he "sustained a tremendous amount in monetary damages." (Doc. 1 at 5). The Court thus interprets plaintiff's monetary damages request to be a request to be compensated for his monetary losses, i.e., a request for compensatory damages.

[5] The Court takes judicial notice of its records. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

[6] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on

Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis - Application of 42 U.S.C. § 1997e(e)**.

**A. Damages Claims.**

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA")." Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). For the purposes of this section, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997(h). This section, therefore, applies to plaintiff who was a prisoner when he filed this action.

Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (ruling that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e),

"Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." Id. at 1289. This section "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

In the present action, plaintiff requests "monetary damages especially considering the fact [he] had to spend money for legal and court fees" (Doc. 3 at 7, 11), "monetary damages also punitive damages for the amount no less tha[n] $7,000,000.00" (Doc. 1 at 5),[7] and the return of his belongings. (Doc. 3 at 7, 11). Plaintiff's damages requests are construed by the Court to be requests for compensatory and punitive damages inasmuch as he wants to be compensated for his expenditures, which equates to a request for compensatory damages, and expresses that he wants punitive damages. (Doc. 3 at 11, Doc. 1 at 5). Moreover, plaintiff's statements are not consistent with a request for nominal damages. See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); Qualls v. Santa Rosa County Jail, 2010 WL 785646, at *3 n.1 (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because

---

[7] Plaintiff, in his amended complaint, referred the Court to his request for relief in his original complaint. (Doc. 3 at 11).

he specifically requested only $250,000 in compensatory and/or punitive damages").

Compensatory and punitive damages, however, are not recoverable by plaintiff in this action because no reference is made in the amended complaint to a physical injury that he suffered at the hands of a named defendant. Even in an attempt to construe the allegations broadly, the Court can only find one allegation as having a physical component that could be related to a possible, but unarticulated, injury, i.e., the reference to plaintiff being held for an hour at the station with his hands handcuffed behind his back by unspecified individuals with respect to the February 9, 2011 incident. (Doc. 3 at 10). There, however, is no injury connected to this allegation and, if there was an injury, it must be greater than de minimis. Thus, this absence of a physical injury prevents the recovery of compensatory and punitive damages in this action. Harris v. Garner, supra, 190 F.3d at 1286 (a prisoner may only recover compensatory and punitive damages if he sustained an injury that is greater than de minimis); see also Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (finding that "the injuries that [plaintiff] complains of - including the vague injuries to his back, the scrapes and marks on his knees and legs, the lack of personal items, the lapse of time in reordering medication, the window-cleaning assignment, and the discontinuance of his pass for showers twice a day - amount to de minimis physical injuries" thereby barring damages for mental anguish and suffering),[8] cert. denied, 131 S.Ct. 517 (2010); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (finding that a bruised ear which lasted for three days was de minimis); Mobley v. Gresco, 2011 WL 3163159, at *2 (N.D. Fla. July 1, 2011) (unpublished) (finding the claim of "pain and suffering" did not allege an injury); In re Bayside Prison Litigation, 2010 WL 4916716, at *3-4 (D. N.J. 2010) (unpublished) (finding that the inmate's pain and swelling for two days of his pinky finger after

---

[8] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

the officer hit his left hand with a stick was a de minimis injury); Brown v. Croce, 967 F. Supp. 101, 104 (S.D.N.Y. 1997) (finding that two slaps to the face with no injury resulting were de minimis). Accordingly, plaintiff's compensatory and punitive damages claims are due to be dismissed without prejudice for failure to state a claim upon which can be granted. See Harris, 216 F.3d at 980 ("[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released.").[9]

### B. Injunctive Relief Claim.

Plaintiff's remaining claim for relief is to have his "property that was taken from [his] car at South Alabama Campus returned." (Doc. 3 at 7, 11). On February 9, 2011, when plaintiff was arrested at the University of South Alabama's campus, defendant Lackey and others searched his wallet and his car finding pictures hidden under the spare tire, receipts from purchases, his computer, personal items, and ATM and identification cards. (Id. at 10-11). In the absence of more specific information or a listing of property in his request for relief, the Court is deducing that plaintiff seeks the return of these items.

The Court is treating this claim for relief as a claim for injunctive relief, which is not barred by 42 U.S.C. § 1997e(e), but which may be barred for other reasons. Plaintiff specifies that the property was taken from him on February 9, 2011. After this seizure, plaintiff hired an attorney to have his car returned, which was accomplished in five days, and he was charged with possession of a forged instrument, second degree, which was dismissed on an unidentified date

---

[9] The Court is foregoing a discussion at this time on the application of the two-year statute-of-limitations bar in § 1983 actions with respect to the damages claims in light of the decision in Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), and the absence of information concerning criminal proceedings against plaintiff, particularly in state court. The Court observes that its records reflect that plaintiff was indicted in this Court on March 1, 2012. United States v. Lacey, CR 12-00046-KD-N (Doc. 1).

11

by a judge because plaintiff had a business license that corresponded to the check stub found in his car. (Id. at 10-11). Then, on September 12, 2013, plaintiff signed his original complaint filed in this action. (Doc. 1 at 5).

In Alabama, the statute of limitation for a § 1983 action is two years. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir.), cert. denied, Callahan v. Allen, 553 U.S. 1098 (2008); see Owens v. Okure, 488 U.S. 235, 239, 250, 109 S.Ct. 573, 576, 582, 102 L.Ed.2d 594 (1989) (Because § 1983 does not contain a statute of limitations, the statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions); Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007) (same). The two-year statute of limitations for personal injuries is used for § 1983 actions filed in Alabama. Lufkin, 956 F.2d at 1105, 1108 n.2; McNair, 515 F.3d at 1170; ALA. CODE § 6-2-38(l).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S.Ct. at 1095. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" Id. (brackets in original) (citations and quotation marks omitted); see Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

Therefore, considering the tenor of plaintiff's allegations, plaintiff knew he was injured with respect to his car and his property in the car when they were seized on February 9, 2011, which is corroborated by the retention of an attorney at that time to recover his car. It was at that time that plaintiff had a complete cause of action against defendant Lackey for the seizure of his property. Holt v. Valls, 395 F. App'x 604, 606 (11th Cir. 2010) (affirming the dismissal of a Fourth Amendment claim on statute of limitations grounds because the action was filed more than two years after the seizure of the property); Gomez-Garcia v. Gwinett Cnty. Police Dept., 2013 WL 1969880, at *2 (N.D. Ga. Apr. 2, 2013) (unpublished) (finding the claim for the return of property seized at time of arrest was barred by statute of limitations as the plaintiff knew of the seizure on the date of arrest); Morris v. King, 2010 WL 1381652 (M.D. Ala. Feb. 25, 2010) (unpublished) (finding that the plaintiff's action seeking, inter alia, the return of seized property was barred by the two-year statute of limitations). Plaintiff's claim, however, was brought to the Court's attention on September 17, 2013, when the Court received his complaint that he signed on September 12, 2013. (Doc. 1 at 5).

The actual filing of the complaint occurred on a date between September 12, 2013 and September 17, 2013 when plaintiff "delivered it to the prison authorities for forwarding to the court clerk." Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988)); see Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending Houston to § 1983 actions filed by pro se prisoners). A determination of a specific filing date is not necessary because September 12, 2013, the earliest date, is well beyond two years from February 9, 2011. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other evidence, we will assume [petitioner's] motion was delivered to authorities on the day he signed it."). The fact that a filing

fee or motion to proceed without prepayment of fees did not accompany the original complaint appears to be of no moment. See Rodgers ex rel. v. Bowen, 790 F.2d 1550, 1551-52 (11th Cir. 1986) (holding that the complaint is deemed filed when received by the court clerk notwithstanding the untimely payment of the filing fee); In re BFW Liquidation, LLC, 2011 WL 6160754, at *2 (Bankr. N.D. Ala. Sept. 26, 2011); 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1055 (3D ED. 2013); see also Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed.2d 867 (1955) (finding that the receipt of the appeal notice by the clerk of the court of appeals within the thirty-day period without the appellate fee was a timely notice of appeal). As a consequence, this Court finds plaintiff's claim for injunctive relief is barred by the two-year statute of limitations and is subject to dismissal with prejudice as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); Simon v. Georgia, 282 F. App'x 739, 739-40 (11th Cir. 2008) (unpublished) (affirming a frivolous dismissal on statute of limitations grounds after Bock); cf. Bock, 549 U.S. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal for failure to state a claim).[10] Thus, plaintiff's claim for injunctive relief is

---

[10] An alternate basis for the dismissal of plaintiff's injunctive relief claim is that there was no violation of the Fourteenth Amendment, because a post-deprivation remedy was available to him at the time of the seizure of his property. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984) ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy"). "A local government's intentional deprivation of an individual's property does not violate the Fourteenth Amendment's Due Process Clause if a meaningful post-deprivation remedy is available under state law." Gomez-Garcia v.

due to be dismissed as frivolous because it is barred by the two-year statute of limitations.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that prior to service of process, plaintiff's damages claims be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), his injunctive relief claim be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and this entire action be dismissed.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner

---

Gwinett Cnty. Police Dept., 2013 WL 1969880, at *2 (N.D. Ga. Apr. 2, 2013) (unpublished). Therefore, in order for plaintiff's deprivation of property claim to be reviewable in this Court, he must establish that there was no adequate postdeprivation procedure available to him at the time of the deprivation. See Tinney v. Shores, 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that plaintiffs' claim failed when they argued the violation was complete at the time of the deprivation because they neglected to address the availability of an adequate postdeprivation remedy).

Plaintiff will not be able to establish that an adequate postdeprivation remedy was not available to him at the time of the deprivation. He had an available remedy in a tort action for this deprivation. Dawson v. City of Montgomery, 2008 WL 659800, at *8 (M.D. Ala. Mar. 6, 2008) (unpublished) (finding that Alabama's conversion statute, Alabama Code § 6-5-260 (1975), is an adequate postdeprivation remedy); Browning v. City of Wedowee, Ala., 883 F. Supp. 618, 623 (M.D. Ala. 1995) (finding that the taking of property by the sheriff and deputies may be addressed in tort pursuant to Alabama Code § 6-5-260 or by filing a claim with the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, et seq.); Milton v. Espey, 356 So.2d 1201, 1203 (Ala. 1978) (finding that a state employee may be personally liable to an inmate in an ordinary tort action); see also Stickels v. Chief Police, Gwinnett Cnty. Police Dept., 279 F. App'x 790, 791 (11th Cir. 2008) (finding plaintiff had an adequate post-deprivation remedy by filing a state wrongful conversion claim for the police's failure to return his laptop seized during his arrest). Moreover, claims for the loss of property incurred at the hands of Alabama state agencies or their employees may be presented for compensation to the Alabama Board of Adjustment. ALA. CODE §§ 41-9-60, et seq.

It is not necessary that the postdeprivation remedy be available to plaintiff at the present time to determine whether the deprivation was with or without due process. See Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981). It is only required that an adequate postdeprivation remedy be available when the deprivation occurred. Id. Because an adequate postdeprivation remedy was available at the time of the seizure of plaintiff's property, the deprivation of plaintiff's property does not violate due process. Accordingly, plaintiff's injunctive relief claim against defendant Lackey for a deprivation of property without due process of law is frivolous and is subject to dismissal with prejudice on this alternate ground.

15

provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 7th day of February, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**